## FISHER v. BOUTELLE TRANSPORTATION & TOWING CO.

(District Court, E. D. Pennsylvania. September 11, 1906. On Reargument, July 14, 1908.)

### No. 30.

ADMIRALTY—SUIT FOR DEATH ON HIGH SEAS—APPLICATION OF STATE STATUTE.

A statute of a state may be applied to a suit in admiralty to recover for a death on the high seas arising purely from tort, where the vessel belonged to the state in question; but the burden rests upon the libelant to establish by satisfactory evidence that the vessel was one of such state, where it is denied, which cannot be presumed from the fact that her owner is a corporation of such state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, § 219.]

In Admiralty. On final hearing.

Willard M. Harris, for libelant.

Francis C. Adler and John F. Lewis, for respondent.

J. B. McPHERSON, District Judge. The decedent was the master of the barge John C. Fitzpatrick, and in that capacity left the port of Philadelphia on March 31, 1903, upon a voyage to New London. The Fitzpatrick and another barge were in tow of a tug, and the three vessels belonged to the respondent, a corporation of the state of Ohio. The Fitzpatrick was built about 1892, and had been used for the carriage of freight upon the Lakes until three or four years before the voyage in question. She was then brought to Philadelphia, and thereafter was employed exclusively upon the Atlantic seaboard, between that city and other ports. Upon the night of April 3d she foundered upon the high sea off the coast of Long Island, and the decedent lost

his life, with all others on board.   This action in personam is brought by his administrator, under the Ohio statutes of 1851 and 1880, upon the theory that the barge was unseaworthy and overloaded, and that the defendant's representative at Philadelphia was guilty of negligence in sending her to sea in such a condition.   Several defenses are set up, partly of fact and partly of law; but I think it is only necessary to notice one of them, namely, the legal defense that under the proof the action cannot be supported.

The decision in The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358, settled the proposition definitely that, in the absence of federal or state legislation giving a right of action therefor, a suit in admiralty cannot be maintained to recover damages for death caused by wrongful act or negligence upon the high seas.   Whether an action in rem in the admiralty can be maintained upon the statute of a state, unless a lien is distinctly given, and whether such an action will lie, even if a lien be given, are questions about which the courts have differed.   They need not be discussed now, since the present suit is in personam, and was begun by process of foreign attachment against other property of the respondent than the Fitzpatrick.   The difficulty in the libelant's way, as it seems to me, is that he has not proved that the Fitzpatrick was a vessel of the state of Ohio.   In view of the ruling in The Harrisburg, his case must fail, unless he can establish the proposition that the barge, during her voyage upon the high seas, was a part of the territory of Ohio to which the laws of that state continued to apply; and in my opinion his proof is fatally lacking in this essential particular.   The answer admits that the respondent is a corporation organized under the laws of the state of Ohio, and that it was the owner of the Fitzpatrick, but expressly denies the libelant's averment that the barge was a vessel of that state and was enrolled at the city of Cleveland.   No evidence whatever was offered upon this subject by the libelant, and the only testimony before the court bearing upon the question would indicate that the vessel was governed upon the high seas by the laws of Pennsylvania, rather than by the laws of Ohio.   It is true that the vessel was probably built in Ohio, and may have sailed frequently from the port of Cleveland, although there is little except hearsay evidence upon this point; but, so far as appears, she was never enrolled at Cleveland, and for several years before she foundered her home port was in fact the city of Philadelphia, where she was managed and loaded, and whither she always returned.   The fact that the respondent was chartered by the state of Ohio is not conclusive of the territorial character of the vessel.   Such a corporation might own many vessels, none of which belonged to the state of Ohio; and, even if it be granted that the domicile of the corporation may afford some presumption that its property belongs in the eye of the law to the same jurisdiction, this is certainly no more than a presumption which may be overthrown by sufficient proof.   In the case now before the court it was not even proved in what year the respondent was chartered, nor whether it was the owner of the barge while she was in service on the Lakes, so that the libelant's case rests finally upon the facts that the respondent is (or was) a corporation of Ohio, and was the owner of the barge while she was carrying cargo from

the port of Philadelphia. This, I think, requires the court to infer too much, especially as satisfactory evidence of her territorial character could have been readily obtained, if she was indeed a vessel of the state of Ohio.

There is, therefore, no support for the application of the rule, which some of the lower federal courts have sanctioned, that the law of a state will be applied upon the deck of a vessel which belongs to the state, even if she be upon the high seas when the occasion for the application of the law arises. The subject need not be further considered; but I may be permitted to say that, in the present condition of the federal decisions, it is greatly to be desired that the question may soon be put at rest by a ruling of the Supreme Court. I may also add that in reaching this conclusion I have laid aside entirely the deposition of Daniel McCarthy.

A decree may be entered dismissing the libel.

## On Reargument.

Since this reargument was had the Supreme Court has decided the case of The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264, and has finally put to rest the question whether the statute of a state applies to a claim for death on the high seas arising purely from tort in proceedings in admiralty. It is now settled that such a statute may be applied in the admiralty, where the vessel belonged to the state in question; but the decision does not undertake to discuss or decide the separate question, what amount or kind of proof is required to establish the proposition that the vessel "belongs" to the particular state? This is the point upon which the ruling in the present case was rested, and I see no reason to change the opinion originally expressed. The libelant's case depends upon the applicability of the Ohio statute, and this in turn depends upon the question whether the Fitzpatrick was a vessel of that state. The respondent expressly denied that the barge belonged to Ohio, and the libelant was therefore put upon proof of that essential fact. If the fact were as averred, conclusive evidence could readily have been obtained, and the absence of such evidence naturally gives rise to doubt concerning the truth of the averment.

I must therefore decline to disturb the decree dismissing the libel.